**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON**

| | | |
|---|---|---|
| Mark Lindsey | * | |
| P.O Box 178 | | |
| Russellville, Ohio 45168 | * | Case No. 3:17-cv-302 |
| Plaintiff, | * | JUDGE |
| v. | * | MAGISTRATE JUDGE |
| Weiffenbach Marble & Tile Company | * | **COMPLAINT** |
| 150 Lau Pkwy | | |
| Clayton, Ohio 45315 | * | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | * | |
| | * | |

Now comes Mark Lindsey ("Plaintiff"), by and through undersigned counsel, and proffers this Complaint for damages against the Weiffenbach Marble & Tile Company ("Defendant" or "WMTC") as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, (the "Ohio Wage Act"), O.R.C. §§ 4111 *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue properly lies in this forum pursuant to 28 U.S.C. § 1391, because Defendant employed Plaintiff Lindsey in the Southern District of Ohio, a substantial part of the events or

1

omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendant conduct substantial business in this judicial district.

## II. THE PARTIES

4. Plaintiff Mark Lindsey is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

5. At all times relevant herein, Plaintiff was employed by Defendant from approximately March, 2015 through March, 2017 as a warehouse associate.

6. As a warehouse associate, Plaintiff was an hourly, non-exempt employee of Defendant as defined in the FLSA, the Ohio Wage Act, and the OPPA.

7. As a warehouse associate, Plaintiff's primary job duties consisted of general labor in the warehouse, including, but not limited to tracking incoming and outgoing shipments, review of inventory, preparation of materials for customer orders, and other miscellaneous tasks consisting of sweeping or cleaning the warehouse, and lawn work.

8. Defendant WMTC is a domestic corporation for profit with its principal place of business located in Montgomery County, which is in the Southern District of Ohio.

9. Defendant is actively doing business in this judicial district. At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA, the Ohio Wage Act, and the OPPA.

10. During relevant times, Defendant maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

11. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

12. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio, as well as recordkeeping laws of the State of Ohio.

### III. STATEMENT OF FACTS

13. Plaintiff realleges the preceding paragraphs as if fully rewritten herein.

14. Plaintiff Mark Lindsey is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

15. At all times relevant herein, Plaintiff was employed by Defendant from approximately March, 2015 through March, 2017 as a warehouse associate.

16. As a warehouse associate, Plaintiff was an hourly, non-exempt employee of Defendant as defined in the FLSA, the Ohio Wage Act, and the OPPA.

17. As a warehouse associate, Plaintiff's primary job duties consisted of general labor in the warehouse, including, but not limited to tracking incoming and outgoing shipments, review of inventory, preparation of materials for customer orders, and other miscellaneous tasks consisting of sweeping or cleaning the warehouse, and lawn work.

18. At all times relevant, Plaintiff was paid on an hourly basis of approximately $15 to $19 per hour.

19. During the past two years preceding the filing of this Complaint, Plaintiff regularly worked from approximately 7:00 am until approximately 4:00 pm, Monday through Friday, which is in excess of forty (40) hours per week.

20. In addition, Defendant has an automatic meal deduction policy or practice whereby it deducts approximately thirty (30) minutes per day from each hourly, non-exempt employee, including Plaintiff, even though Plaintiff did not regularly receive an uninterrupted meal period each day.

21. During all times relevant, Plaintiff regularly worked in excess of forty (40) hours per week, but was not paid time-and-a-half ("overtime rate") for all hours worked in excess of forty (40) resulting in unpaid overtime wages and other wages owed to Plaintiff due to a variety of reasons, including but not limited to: (1) not paying Plaintiff his overtime rate even though Defendant knew or should have known that Plaintiff regularly worked overtime because his work schedule was in excess of forty (40) compensable hours per week; and (2) because Defendant has an automatic meal deduction policy and/or practice whereby it deducts thirty (30) minutes per day from Plaintiff's compensable time even though Plaintiff did not receive an uninterrupted meal period in the amount of 30 minutes each day.

22. Upon information and belief, Defendant does not have a method to keep track of Plaintiff's compensable hours, such as a timeclock system where Plaintiff can clock in/out or record his compensable hours on a timesheet.

23. Instead, when Plaintiff works in excess of forty (40) hours in a workweek, Plaintiff's supervisor always reports that Plaintiff only worked a 40-hour workweek.

24. Because Plaintiff regularly worked over forty (40) hours in a workweek, Plaintiff requested at various times to be paid overtime for such hours.

25.     In response, Defendant refused to pay Plaintiff for any hour he worked in excess of forty (40) hours during any workweek.

26.     As a result, Defendant paid Plaintiff his regular rate of pay for all hours worked even if he worked in excess of forty (40) hours in any workweek.

27.     At all times relevant, Plaintiff was employed as a non-exempt hourly employee entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

28.     Defendant knew or should have been aware that Plaintiff worked in excess of forty (40) hours in a workweek, but willfully elected not to compensate him for all hours worked in excess of forty (40) during his employment.

29.     Defendant's failure to pay Plaintiff resulted in unpaid overtime wages.

### IV.     CAUSES OF ACTION

#### COUNT I
#### (FLSA – Unpaid Overtime)

30.     All of the preceding paragraphs are realleged as if fully rewritten herein.

31.     This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

32.     The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

33.     The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

34.     Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

35. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, he was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR § 541.301.

36. During his employment with Defendant, Plaintiff routinely worked in excess of forty hours per week during the two years preceding the filing date of this lawsuit.

37. Plaintiff should have been paid the overtime premium for all hours worked in excess of forty hours per workweek.

38. Defendant failed to pay Plaintiff the overtime premium required by the FLSA.

39. Defendant knew or should have known that Plaintiff regularly worked in excess of forty (40) hours per week.

40. Defendant knew or should have known that Plaintiff did not receive an uninterrupted meal period in the amount of thirty (30) minutes per day because he was performing substantial duties on behalf of Defendant.

41. Accordingly, Defendant knew or should have known of its overtime payment obligations to Plaintiff under the FLSA.

42. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

43. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of

Defendant's willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
### (Ohio Revised Code § 4111.03 – Unpaid Overtime)

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. This claim is brought under Ohio law.

46. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 et seq.; *See also* 29 U.S.C §206(b).

47. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. *See* O.R. C. § 4111.03 (A), *See also* 29 U.S.C. § 207 (a)(1).

48. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections.

49. Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because he was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* O.R.C. 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

50. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, he was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR §541.301.

51. Defendant is a covered employer required to comply with the Ohio Wage Act's mandates.

52. Defendant violated the Ohio Wage Act with respect to Plaintiff by failing to compensate him at the rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

53. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

54. For Defendant's violations of the Ohio Wage Act, Plaintiff has suffered damages and is entitled to recover unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (Ohio Revised Code § 4113.15 - Ohio Prompt Pay Act)

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. During relevant times, Defendant was covered by the OPPA; and Plaintiff was employed by Defendant within the meaning of the OPPA.

57. The OPPA requires that the Defendant pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

58. During relevant times, Plaintiff was not paid overtime wages at one and one-half times his regular rate within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

59. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

60. Plaintiff has been harmed and continues to be harmed by Defendant's acts or omissions described herein.

61.     In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## V.     PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests judgment against Defendant as follows:

A.     Finding that Defendant has failed to keep accurate records in accordance with the FLSA;

B.     Finding that Plaintiff is entitled to prove his hours worked and damages with reasonable estimates;

C.     Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

D.     Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

E.     Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses associated with this action;

F.     Awarding Plaintiff reasonable attorneys' fees associated with this action;

G.     Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

H.     Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

I.     Directing such other and further relief as the Court may deem just or appropriate.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*_____
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone:  (614) 949-1181
Facsimile:  (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ *Daniel I. Bryant*_____
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone:  (614) 704-0546
Facsimile:  (614) 573-9826
Email:  dbryant@bryantlegalllc.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

/s/ *Matthew J.P. Coffman*\_\_\_\_
Matthew J.P. Coffman