# EXHIBIT A

## MUTUAL SETTLEMENT AND
## MUTUAL RELEASE AGREEMENT

This Mutual Settlement and Mutual Release Agreement ("Agreement"), is entered into by and between **WEIFFENBACH MARBLE & TILE COMPANY** ("WMT"), an Ohio corporation, and **MARK LINDSEY** ("Lindsey"), an individual.

WHEREAS, Lindsey was employed by WMT from approximately March 2015 through March 2017; and

WHEREAS, Lindsey filed a lawsuit against WMT in the United States District Court for the Southern District of Ohio, Case No. 3:17-cv-302 (hereinafter "Litigation"); and

WHEREAS, Lindsey and WMT now desire to fully and completely settle and dispose of any allegations or claims of whatever kind or nature Lindsey ever had, or may now have against WMT, whether known or unknown, or could have in the future based on facts that occurred through the date of his signature on the Agreement; and

WHEREAS, this Agreement is the product of negotiation and compromise between Lindsey and WMT; and

WHEREAS, Lindsey has been afforded an adequate opportunity to read and consider the terms of this Agreement, has been given an opportunity to consult with the attorney(s) of his choosing, has carefully considered alternatives to executing this Agreement, and understands and acknowledges that this Agreement settles, bars and waives any and all claims that he has or could possibly have against WMT.

NOW, THEREFORE, in exchange for and in consideration of each of the following promises and other valuable consideration to which Lindsey is not otherwise entitled and receipt of which is acknowledged hereby, the Parties hereby agree as follows:

1. **Severance Amount.** In consideration of the promises made by Lindsey herein, WMT shall pay to Lindsey, in care of his attorneys, Seventeen Thousand Five Hundred Dollars and Zero Cents ($17,500.00) (the "Settlement Payment") at the time and on the terms and conditions described below.

    a. WMT shall issue a check made payable to "Mark Lindsey" in the amount of Ten Thousand Twenty Dollars and Zero Cents ($10,020.00) in settlement of any potential claim for lost wages (the "Wage Payment"). The Wage Payment shall be subject to, and WMT shall withhold, all applicable federal, state and local taxes. WMT shall report all such withholdings on an IRS Form W-2 issued to Lindsey.

    b. WMT shall issue a second check made payable to "Coffman Legal, LLC" in the amount of Seven Thousand Four Hundred Eighty Dollars and Zero Cents ($7,480.00) in settlement of any potential claim for Attorneys' Fees and costs

(together hereinafter the "Attorneys' Fees Payment"). WMT will issue an IRS Form 1099 to Coffman Legal, LLC for the Attorneys' Fees Payment.

    c.       Lindsey represents and acknowledges that the Settlement Payment identified herein is fair, reasonable, and adequate and constitutes payment in full for all of his claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; O.R.C. §4111, *et seq.*; and O.R.C. §4113, *et seq.*, including claims for minimum wages, overtime pay, liquidated damages, and attorneys' fees and costs. As such, the resolution of this matter does not constitute a compromise. By signing this Agreement, Lindsey represents and acknowledges that upon receipt of the Settlement Payment he has been paid in full for any and all wages of any kind and any amount owed by WMT for work Lindsey performed for WMT through the date of his signature on this Agreement.

    d.       The Parties agree that the terms and conditions of this Agreement shall be subject to the review and approval of the U.S. District Court, Southern District of Ohio ("Approval Date")

**2.**    **<u>Release by Lindsey.</u>**

Lindsey forever releases and discharges WMT, and its employees, officers, representatives, independent contractors, attorneys, insurers, successors, principals, agents, affiliates, and assigns, for and from any and all liability, claims, demands, controversies, damages, and causes of action of every kind, either in law or in equity, which Lindsey has or may have arising from any conduct, actions, or inactions of WMT, its employees, officers, representatives, independent contractors, attorneys, insurers, successors, principals, agents, affiliates, or assigns, from the beginning of time through the full execution of this Agreement, including but not limited to all claims related in any way to the allegations contained in the Litigation. Lindsey acknowledges and agrees that this release includes, but is not limited to, any claims, actions, or relief whatsoever under: the Employee Retirement Income Security Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Ohio Civil Rights Act, any claims pursuant to R.C. Chapter 4112, and/or any provision of the Ohio Revised Code providing for labor, employment, wage, hour, or similar claims or relief; the Rehabilitation Act of 1973; the Age Discrimination in Employment Act of 1967, including the Older Workers Benefit Protection Act; the Occupational Safety and Health Act; the Worker Adjustment and Retraining Notification Act; the Ohio Whistleblower's Act; the Ohio Minimum Fair Wage Standards Act; the Ohio wage payment anti-retaliation statutes; the non-discrimination and/or retaliation provisions of the Ohio Workers' Compensation Law; and any other federal, state, or local law, regulation, or ordinance prohibiting employment, disability, age, or other discrimination, whether such claim is based in contract, tort or otherwise.

3. **Older Worker Benefit Protection Act Disclosure.** This Agreement is intended to comply with the Older Workers Benefit Protection Act. Lindsey acknowledges and agrees that he is specifically waiving rights and claims under the Age Discrimination in Employment Act of 1967, and acknowledges that:

   a) He has read, understood, and knowingly and voluntarily entered into this Agreement;

   b) He is receiving payment from WMT and other consideration that he would not otherwise be entitled to;

   c) The waiver set forth herein does not apply to any rights or claims that arise after the waiver is executed;

   d) He is represented by an attorney prior to executing this Agreement;

   e) He received a draft of this Agreement on June 4, 2018, and he has 21 days from the date of receipt of this Agreement to consider its terms. He is not required to wait that full 21-day period and may choose to execute this Agreement prior to the expiration of that period if he chooses to do so voluntarily, but any changes to the Agreement made by either party, whether material or immaterial, do not restart that 21-day period;

   f) He has seven days following the execution of this Agreement to revoke it by notifying WMT, and this Agreement shall not become effective or enforceable until that revocation period has expired.

4. **Settlement Contingencies.** WMT shall pay the Settlement Payment to Lindsey within ten days after all of the following have occurred: 1) approval of this Agreement by the court in the Litigation; 2) dismissal by the court of the Litigation with prejudice; 3) the full execution of this Agreement by the parties; and 3) the expiration of the seven-day waiting period for revocation of the waiver set forth in paragraph 4(f) above; (collectively, the "Settlement Contingencies").

5. **Mutual Non-Disparagement.** Lindsey and WMT agree not to criticize, disparage, speak negatively, or authorize others to speak negatively, about Lindsey, WMT or the Released Parties. Moreover, Lindsey and WMT will not otherwise provide information, issue statements, or take any other action intended or reasonably likely to result in material harm, embarrassment, or humiliation to Lindsey or WMT or the Released Parties, or any individual WMT employee(s), or to cause or contribute to WMT or the Released Parties, or any individual WMT employee(s), to be held in disrepute by any person

6. **Neutral Employment Reference.** In the event that a potential employer contacts WMT to inquire about Lindsey's employment with WMT, WMT shall only inform such potential employer of Lindsey's dates of employment with WMT. WMT shall

3

not reveal any further details of Lindsey's employment to any such potential employer. If asked for further information, WMT will respond that it is WMT's policy not to provide any additional information.

7. **No Admission of Liability.** The parties recognize that the terms of this Agreement are the result of a compromise of disputed claims of both parties, and no party hereto admits any liability to any other party, nor does any party admit to the validity or merit of the claims of the other party. Each party denies liability to the others for any of the claims asserted in the Litigation.

8. **Miscellaneous.** The terms of this Agreement shall be binding upon the parties hereto, their successors and assigns. This Agreement shall be construed and interpreted under the laws of the state of Ohio. This Agreement shall not be modified or amended, unless in writing signed by the parties. No failure or delay by either party in exercising any right, power or remedy under this Agreement shall operate as a waiver of the exercise of such right, power or remedy. The undersigned represent they have been and are represented by independent counsel, they have consulted fully with such counsel concerning the advisability of entering into this Agreement, they had adequate opportunity to make whatever investigation and/or inquiry as deemed necessary or desirable in connection with the subject matter of this Agreement and their signatures on this Agreement are their own free acts with the intention to be legally bound.

9. **Counterparts.** This Agreement may be executed by the parties in several counterparts which when taken together shall be deemed to be one original, and/or may be executed in multiple copies, each of which shall be deemed on original. All true and accurate copies of this fully executed Agreement shall be valid and binding evidence of the agreement of the parties, whether the document and/or any or all of the signatures are reproductions of an original by photocopy, telecopier transmission, or other method commonly accepted as accurate.

**[this space intentionally left blank. Signatures to follow on next page]**

**WEIFFENBACH MARBLE & TILE COMPANY**

By: Craig Lindsey
Its: President

Date: 6-6-18

**MARK LINDSEY**

Mark Lindsey

Date: _____

**WEIFFENBACH MARBLE & TILE COMPANY**

_____          Date:_____
By: Craig Lindsey
Its: President


**MARK LINDSEY**

_/s/ Mark Lindsey_____     Date: 6/7/18
Mark Lindsey

5